# THE GOLDBERG LAW FIRM, LLC

*Michael J. Goldberg, Esq.*
*Scott M. Kuboff, Esq.*
*John J. Dowell, Esq.*

March 18, 2013

Robert F. Corts, Esq.
Office of the U.S. Attorney
Northern District of Ohio
801 Superior Avenue, W
Suite 400
Cleveland, Ohio 44113

          **Re:**    *United States of America v. Jason Phillips*
                   *Case #1:13-mj-09037*

Dear Mr. Corts:

      Pursuant to Rule 16, Federal Rules of Criminal Procedure, and other authority cited herein, I request disclosure of the following information, documents and other materials, regardless of their format (printed, electronically stored, digitalized, recorded, etc.) relative to the above case.  This request includes, but is not limited to:

**A.**        **Defendant's Statements -- Rule 16(a)(1)(A).**

      1.      Any written or recorded statement made by Defendant within the possession, custody or control of the government.

      2.      That portion of any written record containing the substance of any oral statements made by Defendant (including police or agent notes) to a known law enforcement officer.  This request seeks relevant oral statements regardless of whether the government intends to use them in evidence.

      3.      We also request that you determine whether Defendant has made an oral statement to any law enforcement officer or agent which the government intends to use

# EXHIBIT A

323 Lakeside Avenue, W. - Suite 450 - Cleveland, Ohio 44113
(216) 696-4514
(216) 781-6242 - Fax
www.michaeljgoldberg.net

Robert F. Corts, Esq.
Office of the U.S. Attorney
March 18, 2013 - Page 2

at trial but which has not been reduced to writing.  If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

B.   **Defendant's Prior Criminal Record – Rule 16(a)(1)(B).**

Defendant requests a copy of his prior criminal record, including all maters known to the government which may affect his criminal history score under the United States Sentencing Guidelines, Chapter 4, or under any statutory enhancement or Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) enhancement.

C.   **Blakely Material.**

Defendant requests notice of any facts which may affect guideline enhancements as described in Blakely v. Washintgon, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005).

D.   **Documents and Tangible Objects – Rule 16(a)(1)©).**

This is to request that you produce the following documents (copies) and tangible objects:

1.   Those which the government intends to use as evidence in-chief at trial;

2.   Those which were obtained from or belong to Defendant together with a description of where each item was found or obtained from; and

3.   Those which are material to the preparation of the defense, including, but not limited to, documents and tangible objects relevant to any "other offense" evidence which the government intends to introduce at trial under Rule 404(b).

This request for tangible or documentary evidence includes, but is not limited to, copies of any handwriting exemplars which may have been submitted by Defendant.

E.   **Reports of Examinations and Tests – Rule 16(a)(1)(D).**

Defendant requests production of copies of all results and reports of physical or mental examinations and of scientific tests or experiments which are in the government's possession,

Robert F. Corts, Esq.
Office of the U.S. Attorney
March 18, 2013 - Page 3

custody or control or the existence of which may become known to the government through the exercise of due diligence, which have been obtained or ordered (upon receipt by the government) relative to this case, in that they would be material to the preparation of the defense or are intended for use by the government as evidence in-chief at trial.  For example, by way of illustration and not limitation, please provide me with copies of all results and reports of tests such as fingerprint, handwriting, and/or drug or alcohol analyses or any psychiatric examination of Defendant or of any government witnesses.  Further, please advise me of any decision to refrain from producing any such materials so that a judicial decision as to production may, if warranted, be sought.

**F.**     **Summaries of Expert Testimony – Rule 16(a)(1)(E).**

This is to request that you prepare and provide me with a summary of any expert testimony which the government intends to offer in evidence under Rules 702, 703 or 705 Federal Rules of Evidence in its case in-chief.  Ths would include any fingerprints or handwriting "expert".

**G.**     **Rule 12(d)(2) Notice.**

Defendant requests notice of the government's intention to use in evidence, in its cases in-chief at trial, any evidence which Defendant may be entitled to discover under Rule 16.

**H.**     **Rule 26.2 Materials.**

Defendant requests pretrial production of all Jencks Act materials pursuant to Fed. R. Crim. P. 26.2.  If the government complies with such pretrial production, Defendant is willing to reciprocate in kind.

**I.**     **Other Offense Evidence – Rule 404(b).**

Defendant requests notice of the nature of any "other offense" evidence which the government intends to use at trial in its case in-chief or in rebuttal, together with any documents or tangible objects which the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statements made by Defendant relevant to said other offense evidence; as such statements are defined in Rule 16(a)(1)(A).  See Rule 404(b).  Federal Rules of Evidence; Rule 16(a)(1)©, Federal Rules of Criminal Procedure.

Robert F. Corts, Esq.
Office of the U.S. Attorney
March 18, 2013 - Page 4


**J.**     *<u>Giglio</u>* **<u>Material.</u>**

Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny, Defendant requests that the government produce all information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial.  Such information should include, but not be limited to:  (a) the witness' prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer or while under oath; ©) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other case; (d) all information related to the witness' addiction to narcotic drugs or alcohol, if any; (e) all information related to the witness' mental competency, including any psychiatric test results, which would be reasonably discoverable by the government; (f) the name and address of any person(s) known to the government to whom the witness has made statements concerning the subjects of the criminal indictment, which statements were inconsistent with statements made by the witness to law enforcement officers; and (g) all information contained in the witness' personnel file or other similar location that may reflect any type of disciplinary or related action taken against the witness.

**K.**     *<u>Brady</u>* **<u>Material.</u>**

Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), I request that you provide me with any exculpatory material that exists in this case or is reasonably discoverable by the government relating to guilt and/or punishment.  Should you have any question with regard to whether certain information constitutes *Brady* material, it is requested that such information be presented to the Court for an *in camera* determination as to whether it should be produced, and that I be provided notice that an *in camera* presentation is being made.

*  *  *  *  *

Please advise all investigating officers in this case that they should not initiate any contact with Defendant, and that any communication intended for Defendant be made through me.  All government agents should also be instructed to preserve all of their rough notes, any audio or video tape, e-mail messages and any other similar documents in printed, electronic or digital formats and any other printed, recorded, electronically stored or digitalized materials or information related to any manner to this case.

Robert F. Corts, Esq.
Office of the U.S. Attorney
March 18, 2013 - Page 5


      Further, please send the discovery requested above to me as soon as possible and/or notify me if other mutually agreeable arrangements are to be made.  With respect to the inspection of physical evidence, please let me know when such evidence is available, so that I may make arrangements to inspect it.  This discovery request is a continuing request.  *See* Fed. R. Crim. P. 16©).  Accordingly, please notify me immediately as additional responsive material becomes available.

      If you have any questions regarding the nature of the requests contained in this discovery letter, please contact me.  I look forward to your early response.

      Very truly yours,

      /s/ *Michael J. Goldberg*

      Michael J. Goldberg

MJG/jf